**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TEOLIA JORDAN,<br><br>                      Plaintiff,<br><br>     v.<br><br>COMMANDER FLOWERS,<br><br>                      Defendant. | Case No. 06 C 6333<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

In November of 2006, Plaintiff Teolia Jordan (hereinafter, the "Plaintiff"), currently an inmate at Danville Correctional Center, filed this 42 U.S.C. § 1983 action against Kane County Lieutenant Gregory Flowers (hereinafter, the "Defendant"). Plaintiff alleged that, while he was a pretrial detainee at Kane County Jail between July 2004 and September 2005, he developed a rash from the jail's deodorant. His family brought deodorant for Plaintiff, but Defendant refused to allow Plaintiff to have it. Plaintiff suggested in his complaint that Defendant's refusal may have been racially motivated.

Defendant has filed a motion for summary judgment. Plaintiff has filed a response. Defendant has filed a reply, and Plaintiff has responded to the reply. For the following reasons, the Court grants the motion for summary judgment and dismisses this case.

## I. FACTS

Plaintiff's amended complaint alleges the following: He was detained at the Kane County Jail from July 2004 to September 2006. The jail's deodorant caused his glands to swell and a serious rash to develop. The jail's doctor informed Plaintiff that the jail did not have another type of deodorant for Plaintiff, but that he could have his family bring him a hypoallergenic one. Plaintiff alleges that Defendant would not allow Plaintiff to receive the deodorant brought by his family but allowed another, non-African-American inmate, Matthew Quigley, to use Proactiv for his acne and Dial body wash, which had been brought by Quigley's family. *See* Amended Complaint, Docket Entry, 13, pp. 6-7.

Defendant's Local Rule 56.1 Statement of Uncontested Facts contains the following documents: Plaintiff's deposition, Defendant's affidavit, medical records from the Kane County Jail, and a handbook provided to inmates. *See* Defendant's Rule 56.1 Statement, Docket Entry 55, Exhibits A-D. Plaintiff has attached his own affidavit to his response to the summary judgment motion. *See* Plaintiff's Response, Docket Entry 66. Plaintiff's response to Defendant's reply contains another affidavit from Plaintiff and an affidavit from another inmate stating the difficulty Plaintiff has in litigating his case. *See* Plaintiff's Response to Defendant's Reply, Docket Entry 72.

The summary judgment evidence shows the following: Plaintiff was incarcerated at the Kane County Jail from 2004-2006. He developed a rash under his arms (peeling skin, burning, and a knot from swollen glands) from the deodorant provided by the jail (Maximum Security). *See* Plaintiff's Deposition, pp. 7, 9, Exhibit B of Defendant's Rule 56.1 Statement, Docket Entry 55. He saw the doctor several times (at least twice) about this condition. *Id.* at pp. 8, 11. The doctor told Plaintiff to stop using the deodorant and to simply wash under his arms with soap and water. The doctor stated that the condition should improve and that he would write something to Commander Flowers to allow Plaintiff's family to bring a different deodorant. *Id.* at p. 9. Plaintiff does not know if the doctor informed Flowers of the need for a deodorant, but a nurse told Plaintiff that Flowers denied the request and said that Plaintiff could not have it. *Id.* at p. 10. Clarifying his visits with the doctor, Plaintiff stated that he saw the doctor twice about his rash and that the doctor stated on the second visit that he would talk to Flowers. *Id.* at p. 12.

Plaintiff stated that his family called the jail several times to talk to Flowers, but Flowers was never available. Plaintiff's deposition, p. 13, Exhibit B of Defendant's Rule 56.1 Statement, Docket Entry 55. Plaintiff wrote several requests to Flowers to receive a deodorant from outside the jail. *Id.* at p. 14. Flowers refused, once in writing and once in person. *Id.* at pp. 14-15.

According to Plaintiff, he asked Flowers why Plaintiff could not have the deodorant his family brought, and Flowers responded, "'cause you can't have it,' and he walked away." *Id.* at p. 16. Plaintiff then decided to file this suit. *Id.*

Plaintiff stated that the jail's doctor told Plaintiff that there was no medication to prescribe for him, and that he should simply wash under his arms with soap and water. *Id.* at p. 18. Plaintiff's rash improved when he stopped using the deodorant, and Plaintiff never received further treatment from the jail's doctor for the rash. *Id.* at pp. 23-24.

Plaintiff saw the jail's nurse bring fellow inmate Matthew Quigley Proactiv and Dial Body Wash. *See* Plaintiff's Deposition, pp. 19-20, Exhibit B of Defendant's Rule 56.1 Statement, Docket Entry 55. Quigley told Plaintiff that the jail's doctor had prescribed both items and told Quigley to have his family bring them. Quigley told Plaintiff that Quigley's mother spoke to Flowers about Quigley receiving these items. *Id.* at pp. 20-21. Plaintiff stated that his girlfriend brought Dove deodorant to the jail and left it with someone at the front desk, but that Plaintiff never received it. *Id.* at pp. 22, 26, 28-29.

Plaintiff's medical records reveal that he saw a physician at the jail on numerous occasions for a variety of conditions during his stay at the Kane County Jail. *See* Exhibit C, Defendant's Rule 56.1 Statement, Docket Entry 55. The only entries that

indicate complaints of a skin rash appear to be from December 2004 and the beginning of 2005. *Id.* at pp. 26-27. These records indicate that hydrocortisone was prescribed. *Id.*

Plaintiff submitted his own affidavit with his response to Defendant's summary judgment motion. Plaintiff states that he submitted numerous written requests to Defendant for a deodorant from outside the jail, that the jail doctor recommended that Plaintiff be able to receive an outside deodorant, but that Defendant refused to allow Plaintiff to receive an outside deodorant. *See* Plaintiff's Response, pp. 4-5, Docket Entry 66. Plaintiff also states that he was discriminated against because Quigley, who is not African American, was able to receive Proactiv from his family. *Id.*

## II. LEGAL STANDARD

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Intern.- Indiana, Inc.*, 211 F.3d 392, 396 (7th Cir., 2000). In determining the existence of a genuine issue of material fact, a court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of

that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). When addressing a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

If the moving party meets its burden, the nonmoving party has the burden "to go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact." *Borello v. Allison*, 446 F.3d 742, 748 (7th Cir., 2006) (internal quotation marks and citations omitted); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne, Ind.*, 91 F.3d 922, 931 (7th Cir., 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if a reasonable finder of fact could return a decision for the nonmoving party based upon the record. *See Anderson*, 477 U.S. at 252; *Insolia v. Phillip Morris Inc.*, 216 F.3d 596 (7th Cir., 2000).

### III. <u>ANALYSIS</u>

Plaintiff's claims that he was denied a deodorant from outside the jail may be alleging deliberate indifference both to a serious medical need and to a condition of confinement. Because it is unclear whether Plaintiff's claims arose before or after his

conviction, the Court will analyze his claims under the standard applicable to pretrial detainees.

A pretrial detainee "may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). When assessing the constitutionality of the conditions of confinement or medical treatment of a pretrial detainee, a court must determine whether the conditions or treatment amounted to punishment. *Id.* at 536-37. Although the Fourth Amendment, as opposed to the Eighth Amendment, applies, pretrial detainees are entitled to at least as much protection applicable to convicted prisoners, and courts often look to the well-established standards applicable for convicted prisoners when determining whether a constitutional violation existed with a pretrial detainee's condition of confinement or medical need. *Board v. Farnham*, 394 F.3d 469, 477-78 (7th Cir., 2005); *Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir., 2003).

The Eighth Amendment protects an inmate from a governmental actor's "deliberate indifference" to the inmate's serious medical need and to the inmate's basic needs. *Board v. Farnham*, 394 F.3d at 478; *Cavalieri v. Shepard*, 321 F.3d at 620. The plaintiff has the burden of showing that: (1) the harm to the plaintiff was objectively serious; and (2) the official acted with deliberate indifference with respect to the plaintiff's health. *Board v.*

*Farnham*, 394 F.3d at 478; *see also Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994).

A medical condition may be considered objectively serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir., 2007) (*quoting Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir., 1999)). A condition of confinement may be considered sufficiently serious for constitutional concern when it deprives the inmate "of the minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981), or deprives him of "basic human needs." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir., 2008), *citing Farmer v. Brennan*, 511 U.S. at 837-838.

Once a plaintiff demonstrates that a medical condition or a condition of confinement was sufficiently serious, the plaintiff must show that the defendant acted with deliberate indifference to that condition. A defendant's conduct constitutes deliberate indifference if the official acted in an intentional or criminally reckless manner, *i.e.*, the defendant actually knew that the plaintiff "was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though [the defendant] could have easily done so." *Armstrong v. Squadrito*, 152 F.3d 564, 577 (7th Cir., 1998) (quoting *West By and Through Norris*

*v. Waymire*, 114 F.3d 646, 651 (7th Cir., 1997)). The defendant must have acted with "a conscious disregard of known or obvious dangers" to the pretrial detainee. *Armstrong*, 152 F.3d at 577 (quoting *West*, 114 F.3d at 651).

In this case, neither party questions whether Plaintiff's reaction to the jail's deodorant, *i.e.*, his rash and swollen glands, was sufficiently serious. However, Plaintiff received medical treatment for this condition and, as he acknowledged in his deposition, he was never denied the ability to see the jail's doctor. *See* Plaintiff's deposition, pp. 8-9, 11, Exhibit B of Defendants's Rule 56.1 Statement, Docket Entry 55. Plaintiff stated that his rash condition improved by not using the deodorant and by simply washing under his arms with soap and water. *Id.* at p. 11.

The summary judgment evidence thus demonstrates that Plaintiff received treatment for his rash and that his condition improved when he followed the prescribed treatment. The only issue before this Court is whether Plaintiff's inability to obtain a deodorant from outside the jail constituted a sufficiently serious condition to raise a constitutional concern and whether Defendant acted with deliberate indifference to that condition. Plaintiff cannot demonstrate that his condition – the inability to obtain a deodorant from outside the jail – was sufficiently serious. "The mere fact that pretrial detention interferes with a person's desire

to live comfortably and free from restraint does not, without more, make the conditions of that confinement unconstitutional." *Board v. Farnham*, 394 F.3d 469, 477-78 (7th Cir., 2005); *Tesch v. County of Green Lake*, 157 F.3d 465, 476 (7th Cir., 1998).

No constitutional principle requires that inmates be permitted to own or receive hygiene items of their choosing, but the deprivation of essential items may leave an inmate exposed to the elements, or unable to care for his most fundamental needs. "Inmates cannot expect the amenities, conveniences and services of a good hotel; however, the society they once abused is obliged to provide constitutionally adequate confinement." *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir., 1988). In *Harris*, the Seventh Circuit considered an inmate's claim that he was denied toilet paper for five days and denied soap, a toothbrush and toothpaste for ten days. *Id.* at 1234. Noting that the inmate "suffered no physical harm" but only "unpleasantries," the *Harris* Court found that the conditions simply did not rise to the level of an Eighth Amendment violation. *Id.* at 1235.

Plaintiff's claim that he was unable to obtain a deodorant that he could use does not state a sufficiently serious condition that implicates a constitutional concern. He was able to wash under his arms with soap and water. Addressing a similar claim by a prisoner, the Southern District of Illinois has found that, "[a]lthough the deprivation [of deodorant] may have made his life

unpleasant, nothing in the Constitution requires [] prison life to be pleasant, and [the prisoner's] rights under the Eighth Amendment were not violated by the lack of deodorant." *Snipes v. Witthrop*, 2007 WL 2229012, 2 (S.D.Ill., 2007). In the present case, Plaintiff's inability to obtain a deodorant that he could use while at the Kane County Jail does not state a sufficiently serious condition to satisfy the first prong of a deliberate indifference claim.

Additionally, although Plaintiff indicates that he wrote several grievances to obtain an outside deodorant and that Defendant was aware of Plaintiff's request but refused it, *see* Plaintiff's deposition, pp. 14-16, Exhibit B, Defendant's Rule 56.1 Statement, Docket Entry 55; *see also* Plaintiff's Affidavit, Plaintiff's Response, Docket Entry 66, Plaintiff's deposition demonstrates that someone brought deodorant for him only once. *See* Plaintiff's deposition, pp. 25-26. Even if Defendant knew that the jail's deodorant caused Plaintiff to develop a rash, Defendant's one-time denial of a different deodorant when it was brought to the jail does not amount deliberate indifference.

The summary judgment evidence thus demonstrates that Plaintiff cannot establish that he suffered a constitutional violation with respect to his inability to obtain a deodorant from outside the jail. Plaintiff's deliberate indifference claim is without merit.

The summary judgment evidence also demonstrates that Plaintiff cannot establish an Equal Protection violation. To prove a race discrimination claim, a plaintiff must produce evidence showing that as a racial minority he was treated differently from similarly situated non-minority inmates and that the defendant acted with a discriminatory purpose or intent. *See Minority Police Officers Ass'n of South Bend v. City of South Bend, Ind.*, 801 F.2d 964, 966 (7th Cir., 1986). Discriminatory intent may be established by showing an unequal application of a prison policy or system; however, conclusory assertions of racism are insufficient. *Id.* at 967 (*citing Mason v. Continental Illinois Nat. Bank*, 704 F.2d 361, 367 (7th Cir., 1983)); *Hill v. Thalacker*, 399 F.Supp.2d 925, 928-29 (W.D.Wis., 2005). "[The plaintiff] must . . . provide evidence of at least an inference that the real reason for [the adverse action] was discriminatory." *Perez v. Illinois*, 488 F.3d 773, 777-78 (7th Cir., 2007).

In this case, Plaintiff states that another inmate was able to obtain Proactiv and Dial body wash, that the jail's doctor prescribed these products for the other inmate, that the other inmate's family spoke to Defendant, and that the inmate's family brought these items. *See* Plaintiff's deposition, pp. 20-21, Exhibit B, Defendant's Rule 56.1 Statement, Docket Entry 55. Plaintiff has not shown that he and the other inmate were similarly situated – Plaintiff has not shown that the jail's doctor ever

prescribed a different deodorant that Plaintiff's family spoke to Defendant, or that the jail's doctor spoke to Defendant about Plaintiff receiving a different deodorant. Also, Plaintiff states that his family attempted only once to bring him deodorant. *Id.* at pp. 25-26. Plaintiff's assertions of racial discrimination are conclusory. His claim of racial discrimination is denied.

## IV. <u>CONCLUSION</u>

For the reasons stated herein, Defendant's Motion for Summary Judgment is granted. The summary judgment evidence reveals that there are no issues of material fact and that Plaintiff cannot succeed with his claims of deliberate indifference and discrimination with respect to his inability to obtain a deodorant from outside the jail. Plaintiff's Complaint is dismissed. This case is closed.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　　　　United States District Court

**DATE:** December 9, 2008